### ROBERT THOMPSON CO. v. LEVIS.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. PRINCIPAL AND AGENT (§ 136*)—WARRANTY OF AGENT—LIABILITY OF PRINCIPAL.

    A warranty by the agent on the sale of an article for a known principal renders the latter alone liable.

    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 476–491; Dec. Dig. § 136.*]

2. ABATEMENT AND REVIVAL (§ 9*)—PARTIES—IDENTITY.

    In an action by the T. Co. for repairing an automobile purchased by defendant from plaintiff, defendant for a counterclaim alleged a sale of the automobile by the T. Co. as principal, a warranty by it, and a breach of such warranty, claiming damages therefor. It appeared that another action was pending, wherein defendant in the first action was plaintiff, and the T. Co. and another company were defendants, in which action it was alleged the automobile was sold by the T. Co. as agent for the other company, and that the warranty was made by it as such agent;

plaintiff asking damages for the breach of the warranty. *Held* that, the parties to the two actions not being the same and the causes of the actions differing, defendant in the first action was entitled to prove his counterclaim.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 9.*]

Appeal from Monroe County Court.

Action by the Robert Thompson Company against Thomas H. Levis. From a judgment of the Supreme Court, modifying and affirming a judgment of the Municipal Court of the city of Rochester, both parties appeal. Reversed, and new trial ordered in Municipal Court.

Argued before SPRING, WILLIAMS, KRUSE and ROBSON, JJ.

Medcalf, Averill & Tompkins, for plaintiff.

Elbridge L. Adams and George Carnchan, for defendant.

WILLIAMS, J. The judgment of the Municipal and County Courts should be reversed, and a new trial ordered in Municipal Court, with costs in both courts to the defendant Levis to abide event. The action was brought to recover for labor and materials furnished and used in repairing an automobile purchased by defendant from plaintiff. The answer was a general denial, except a little cylinder oil and gasoline, not exceeding $25 in value, and then a counterclaim for damages, by reason of a breach of warranty upon the sale of the automobile, to the amount of $3,500. There was no reply to the counterclaim, of course; but the plaintiff contended there was another action pending between the parties in Supreme Court for the same cause of action as that alleged in the counterclaim. The summons and complaint in that action were put in evidence, and then the Municipal Court excluded all evidence as to the breach of warranty set up in the counterclaim, and rendered judgment for the amount of the plaintiff's claim, $444.61, and costs. On appeal, the County Court approved of the decision of the Municipal Court in excluding evidence of the counterclaim, held that there was no proof as to $109.45 of plaintiff's claim, and therefore reduced the judgment by that amount, and affirmed the same, without costs to either party.

First. As to the counterclaim: The Municipal Court action was commenced January 12, 1907, and the answer containing the counterclaim was served March 14, 1907. The action in the Supreme Court was in favor of this defendant, Levis, and against this plaintiff, Robert Thompson Company, and Pope Motor Car Company, and the summons and complaint therein were served January 17 and 22, 1907. The Municipal Court action was therefore commenced first, but the counterclaim was not interposed until after the Supreme Court action was begun. The parties to the two actions were not the same, and, furthermore, the causes of action were different in this respect. In the Supreme Court action it was alleged that the automobile was sold by the Thompson Company, as agent for the Pope Motor Car Company, and that the warranty was made by the Thompson Company as such agent. There being no undisclosed principal or agent, the warranty by the agent rendered the principal alone liable. There was no liability alleged against the agent. (That case was tried, the

complaint dismissed as to the alleged agent, and was in this court on appeal, as against the principal only, as our records show.)

In the Municipal Court case a good cause of action was alleged, a sale of the automobile by the Thompson Company as principal, and a warranty by it as principal on such sale. It would seem, therefore, that the defendant should have been permitted to prove the counterclaim, and have such benefit thereof as he was entitled to. It is not necessary to determine now just what benefit he could derive from the proof of the counterclaim. He had some rights, apparently, under sections 2862, 2863, 3226, 3227 and 2947–2949.

If we are right in the views here expressed, a reversal of the judgment of both courts, and a new trial, must result.

Second. We do not deem it essential to review the evidence upon the question of the reduction by the County Court of the judgment of the Municipal Court. The evidence may be different upon the new trial, and this question may not be involved. All concur, except Mc-LENNAN, P. J., not sitting.

---

PARSONS v. SYRACUSE, B. & N. Y. R. CO.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. RAILROADS (§ 347*)—ACCIDENT AT CROSSING—EVIDENCE—HABIT—SPECIFIC ACTS OF CAREFULNESS.

Where, in an action for death of a traveler in a collision at a railroad crossing, there was no eyewitness of the accident except defendant's engineer, who did not see deceased or his horse and carriage until the engine was upon them, evidence of prior specific instances of care and caution on his part was irrelevant, on the question of care exercised by him at the time of the accident.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 347.*]

2. EVIDENCE (§ 539½*)—OPINION EVIDENCE—SPEED OF TRAIN—COMPETENCY.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 539½.*]

Appeal from Trial Term, Brown County.